RICHARD H. ZAITLEN #63283
richard.zaitlen@pillsburylaw.com
BOBBY GHAJAR #198719
bobby.ghajar@pillsburylaw.com
KELLY W. CRAVEN #248050
kelly.craven@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff
SPIN MASTER, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SPIN MASTER, LTD., a Canadian corporation,<br><br>                              Plaintiff,<br><br>        vs.<br><br>BRIX 'N CLIX CO., LTD., a Hong Kong company, CYI, INC., a California corporation, and REHCO, LLC, an Illinois corporation.<br><br>                              Defendants. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 AND COMMON LAW UNFAIR COMPETITION, DAMAGES AND INJUNCTIVE RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Spin Master, Ltd. ("Spin Master") by and through its attorneys, brings this action against Defendants Brix 'N Clix Co., Ltd., CYI, Inc., and Rehco, LLC alleging as follows:

1.      This is a case involving a calculated attempt by the Defendants to illegally capitalize on the success of Spin Master's popular Flutterbye® flying fairy toy.  Rather than independently create their own original product, Defendants conspired to create a look-a-like flying fairy (called "Starfly") that

is substantially similar to Spin Master's copyrighted flying fairy toy in appearance, coloring, styling, and packaging –along with a copycat marketing campaign.



*Figure 1*: Flutterbye® Fairy                                    Starfly Fairy

Of all the ways to present the product, Defendants adopted packaging that is substantially similar to Spin Master's Flutterbye packaging, and recently launched an online commercial that emulates the look and feel of Spin Master's own Flutterbye commercial – including the use of two young girls dancing in synchrony with their flying fairy dolls.  With full knowledge of the success of Spin Master's flying fairy toy, and after a proposed collaboration was rejected, Defendants went even further and brazenly exhibited their infringing Starfly toy at the 2014 New York Toy Fair at a booth steps away from the Spin Master booth.  Defendants' attempts to mislead and divert consumers away from Spin Master, and towards their own inferior copycat product violates Spin Master's copyrights and constitutes infringement and unfair competition under federal and state law.  Spin Master has been left with no choice but to seek injunctive relief and all available damages under the law.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

**The Parties**

2.     Plaintiff Spin Master, Ltd. ("Spin Master) is a Canadian corporation with its principal place of business in Toronto, Ontario.   Plaintiff Spin Master also has offices in Los Angeles, California.

3.     Upon information and belief, Brix 'N Clix Company, Ltd. ("Brix") is a Hong Kong company, with a U.S. sales and marketing office led by Director Saul B. Jodel, and located at 3010 Canyon Road, Burlingame, California, 94010.  Brix's trademark filings and certain marketing materials also list a California address.  Brix is engaged in the business of designing, manufacturing, importing and distributing toys in the United States.  Upon information and belief, Brix is involved in the creation, design, manufacturing and/or distribution of the Starfly fairy toy.

4.     Upon information and belief, CYI, Inc., also doing business as Can You Imagine, ("CYI") is a California corporation with its principal place of business at 9314 Eton Avenue, Chatsworth, California, 91311.  CYI is engaged in the business of developing, manufacturing and selling toys to specialty stores and mass-market retailers.  Upon information and belief, CYI is involved in the manufacturing and/or distribution of the Starfly fairy toy.

5.     Upon information and belief, Rehco, LLC ("Rehco") is an Illinois limited liability corporation with its principal place of business at 1300 West Washington Street, Chicago, Illinois 60607.  Rehco is engaged in the business of inventing new products for license primarily in the toy industry and, according to its website, provides a full range of design and development services for its ideas and inventions.  Upon information and belief, Rehco is involved in the design and/or creation of the Starfly fairy toy, and was and is involved in working with the other Defendants to bring the Starfly fairy toy to market.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

**Jurisdiction and Venue**

6.      This Court has personal jurisdiction over Brix, CYI ,and Rehco (collectively, "Defendants") because, upon information and belief, Defendants – through their business and other retail channels – have demoed, marketed, promoted, and/or offered for sale goods and services in California, target customers in this district, conduct business in this district, and/or have otherwise worked with companies in this district, and such conduct has caused or is likely to cause injury to Plaintiff in this judicial district.

7.      This Court has subject-matter jurisdiction over the Copyright Act and Lanham Act claims action pursuant to 28 U.S.C. §§1331, 1332(a)(1) and 1338, as Plaintiff is a Canadian corporation, Defendant Brix 'N Clix is a Hong Kong company, Defendant CYI is a California corporation, and Defendant Rehco is an Illinois corporation.  This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.      Venue is proper in this district under 28 U.S.C. §§1391 and 1400. Plaintiff is informed and believe that Defendants – through their executives, employees, online and other sales activities, and promotional activities – transact business in this district and my otherwise be found in this district, and a substantial part of the events giving rise to this litigation, including the injury to Plaintiff, occurred in this district.

**Spin Master Develops and Introduces the Flutterbye® Flying Fairy**

9.      Spin Master was started two decades ago by three young entrepreneurs.  Since that time, Spin Master has grown to become a critically-acclaimed toy and entertainment company, earning fifteen coveted Toy of The Year awards to date.  Spin Master has received praise as one of the leading

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

corporations, reaching platinum status as one of Canada's 50 Best Managed Companies, and winning wards such as Fast Company 50 Most Innovative Consumer Products Company, and the Ernst & Young Entrepreneur of the Year Award.

10.     After extensive research, testing, and development, and following on its success with flying toys, Spin Master introduced a new flying fairy product called "Flutterbye" at the 2013 New York Toy Fair:

11.     Flutterbye is a unique toy, incorporating a technology that allows a customer to "magically" fly and control the fairy doll using only the palm of one's hand.   In flight, Flutterbye floats and hovers – responding to the up/down hand motions of the user's hand.  Flutterbye is 7.5 inches tall, resting on a pink charging base with a single button push take-off.

12.     Upon its debut, Flutterbye received rave reviews and was even recognized by Toys 'R Us as a choice for its 2013 Fabulous 15 Hot Toy List. Flutterbye was also named to the following lists: Amazon Hot Holiday List, K-Mart "Fab 15," Target Hot Toy List, Wal-Mart "Top 20 'Chosen by Kids'", Parents Magazine Top Toy, Savvy Auntie Cool Toys, Time To Play Most Wanted, and Toy Insider Top 20.  Among these and other recognitions, she was also featured on the *Ellen* television show as a "Best of Toys 2013" item and demonstrated on *Late Show with David Letterman*.  Since its release, Spin Master has earned substantial revenues from sales of its Flutterbye fairy line of products and earned over hundreds of millions of news impressions.

13.   The Flutterbye fairy figurine is original and distinctive.   In recognition of Spin Master's rights, the U.S. Copyright Office issued Spin Master U.S. Copyright Registration No. VA 1-861-460 for its "Flying Toy Figurine- Fairy" (a true copy of which is attached as **Exhibit A**), as well as pending U.S. Copyright Application Nos. 1-1346167847, 1-1346167541 and

1-1310991861 for Flutterbye Flying Fairy Pink Flower, Flutterbye Flying Fairy Purple Stardust, and Spin Master's packaging (true copies of which are attached as **Exhibits B-D**).

14. Spin Master expended considerable effort and expense in promoting its Flutterbye® toys, including investing in original commercials, advertising that "With just a wave of your hand, your fairy will float, twirl, and fly!"  "Flutterbye Fairy magically dances across the sky!  The magic is in your hands!" and depicting a scene where two young girls launch, twirl and play with their toys, with animated stardust enhancing the toy's flight.

**Defendants' Wrongful Infringement and Unfair Competition**

15. Many months after Spin Master's successful launch of the Flutterbye flying fairy toy, Defendants conspired to create a lower cost, inferior, look-a-like product.

16. Upon information and belief, Defendant Rehco – aware of Spin Master's Flutterbye product – initially offered a "flying doll" product to Defendant Brix.  Upon information and belief, Brix is a licensee of Rehco.  Upon information and belief, Brix approached Spin Master about a possible collaboration in mid-2013 (after seeing the Flutterbye debut in the Spin Master booth at the 2013 Toy Fair).  Brix's proposal (originally to only sell outside of North America) was politely declined by Spin Master without any exchange of samples of the "flying doll" at issue.

17. Upon information and belief, after seeing the success of Spin Master's Flutterbye fairy toy, and rather than independently creating a distinct product, Defendants Brix, CYI and Rehco together engaged in a plan to create a look-alike flying fairy product in an attempt to unfairly capitalize on Spin Master's success.  Together, Defendants are manufacturing and marketing a

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

7.0" "Starfly," which is an unauthorized copy of Spin Master's copyrighted

works.  A side-by-side photograph of the products is shown below:



*Figure 2 –*Flutterbye Fairy                                    Starfly Fairy

18.    As shown above, Defendants' "Starfly" fairy toy copies original

elements of Spin Master's copyrighted Flutterbye toy, and the two fairy toys

are substantially similar in appearance.  Among other non-coincidental

similarities, Defendants' Starfly toy uses similar, dominant colors;

exaggerated eyes; similar nose and lips features; a similar close-crop hair swirl

design and texture, including a sweeping side-part with accessory; crossed,

joined legs and overlapping pointed-toe ballet slippers; similarly placed arm

positioning (with a slight difference between palms facing outward or down);

bars extending from the fairy's waist; similarly shaped propellers on the skirts;

and overlapped placement of the top and bottom spinning layers.  In addition,

the fairy products are also substantially identical in size and height.  The

similarities are eye-catching and hardly unintentional.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
                                              Case No.

19.     Indeed, the similarities between the Flutterbye fairy and Starfly fairy do not stop with the products themselves.  Upon information and belief, Defendants' Starfly toy is being offered for sale – and promoted to the same target consumers, in the same trade channels – in packaging that emulates Spin Master's Flutterbye packaging.

20.     For example, as shown below, among other similarities like color and styling, Defendants have included the cover and back images of a young girl demonstrating the Flying Fairy in motion underneath her cupped hands, with added swirls, stars and graphics to enhance the motion:

 

*Figure 3* - Packaging (front view), Starfly                                        Packaging (front view), Flutterbye

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

*Figure 4* – Packaging (rear view): Flutterbye on left, Starfly on right



///

///

///

///

///

///

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

21.     Additionally, the Starfly packaging copies the three steps of callout instructions on the side panel to (1) Place Starfly on charging base.  (2) Press button to make her fly.  (3) Wave your hand to guide her flight.



*Figure 5* – Packaging (side view) (Starfly on left, Flutterbye on right)

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

22.     Upon information and belief, Defendants demonstrated and promoted its Starfly fairy toy at the Brix and CYI booth at the New York Toy Fair, which took place in February 2014.  It is beyond any coincidence that that Brix and CYI set up their booth ***right next to*** the entrance of Spin Master's booth at the Toy Fair:



23.     Upon information and belief, Defendants Brix and CYI demonstrated the Starfly fairy toy at the 2014 Toy Fair to potential retail buyers and customers, and made specific comparisons and references to Spin Master's Flutterbye fairy toy, including claims that Defendants' Starfly fairy toy was a cheaper, yet better, product.  Upon information and belief, the Starfly fairy toy is of poorer quality and/or features inferior performance as compared to the Flutterbye product.

24.     Moreover, upon information and belief, Defendants have represented to potential customers that Starfly – not Flutterbye – is the proper producer of the flying fairy toys.

25.     Shortly after the 2014 New York Toy Fair, Defendant Brix released on YouTube an online commercial for its Starfly flying fairy.  In that commercial, a female voice announces, "Just wave your hand, you will guide your dancer around, turning and floating up and down as a real dancer," and it includes a scene of two young girls performing synchronized choreography as they "fly" their toys together.  That commercial emulates Spin Master's prior advertisements for its Flutterbye fairy product.

26.     Defendants' illegal actions must be stopped.  Spin Master has been damaged, and continues to be damaged by Defendants' unauthorized use of the Flutterbye flying fairy copyrighted works (including the fairy doll figurine and packaging), and through a pattern of unfair competition designed to confuse consumers and capitalize on Spin Master's hard-earned goodwill.

27.     Unless these acts are restrained by this Court, they will continue to cause irreparable injury to Spin Master and to the public for which there is no adequate remedy at law.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501 *et seq.*

28.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 27 of this Complaint.

29.     Plaintiff has registered and/or has applied to register with the United States Copyright Office the Flutterbye flying fairy toy and product packaging, bearing the numbers VA 1-861-460, 1-1346167847, 1-1346167541 and 1-1310991861.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

30.     Plaintiff owns the copyright interests in and to the Flutterbye flying fairy figurine and its packaging, and Plaintiff's copyrights in these works are valid and original.

31.     Defendants had access to Plaintiff's Flutterbye fairy product, and copied original elements from Plaintiff's copyrighted works to create and market their "Starfly" flying fairy toy.   As illustrated above, Plaintiff's Flutterbye flying fairy toy and Defendants' Starfly flying fairy toy are substantially similar in appearance and expression.

32.     In addition, Defendants had access to Plaintiff's packaging for the Flutterbye fairy product, and copied original elements from Plaintiff's packaging to market their "Starfly" flying fairy toy.  As illustrated above, the packaging of the respective toys are substantially similar in appearance and expression.

33.     Defendants' aforementioned conduct infringes and will continue to infringe the exclusive rights belonging to Plaintiff as owner of the copyrights.

34.     At no time has Plaintiff authorized Defendants to copy, reproduce, adapt, distribute, or utilize in any way its copyrighted works.

35.     As a direct and proximate result of its wrongful conduct, Plaintiff is informed and believes and based thereon, alleges, that it has suffered and will continue to suffer injury and damages in an amount to be determined at trial, and that Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff which should be disgorged to Plaintiff.  Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.  Alternatively, Plaintiff reserves the right to seek statutory damages for Defendants' intentional infringement of its copyrighted works.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

36.    Upon information and belief, Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

37.    Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION,

## (15 U.S.C. § 1125(a))

38.    Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 37 of this Complaint.

39.    Without Plaintiff's permission, Defendants have used Plaintiff's distinctive trade dress in its product packaging, and adopted the look and feel of Plaintiff's product marketing.

40.    Defendants' use of confusingly and substantially similar packaging and marketing, and its use false or misleading descriptions of fact and/or false or misleading representations of fact in connection with the marketing, advertising, promotion, distribution, offering for sale and selling of its goods and services, constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.    Defendants have made misrepresentations of fact in marketing and promotional efforts that pertain to and include, but are not limited to, the nature, characteristics and qualities of Defendants' products and services, as

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

well as the nature, characteristics and qualities of the products and services offered by Plaintiff.

42.     Plaintiff is informed and believes and thereon alleges that Defendants' actions and misrepresentations of fact have deceived, and will continue to deceive, consumers about matters material to their decisions to purchase flying fairy toy products.

43.     As a direct and proximate result of Defendants' misrepresentations, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and has caused and is likely to continue to cause lost profits to Plaintiff.

44.     Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff and to the public who is confused by Defendants' conduct.

45.     Upon information and belief, Defendants actions have been willful and in conscious disregard of Plaintiff's rights.

46.     As a further direct and proximate result of Defendants' actions, Plaintiff has been, and will continue to be, damaged and is entitled to receive compensation arising from its lost profits, in an amount to be proven at the time of trial. Plaintiff is also entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at trial. Plaintiff is further entitled to injunctive relief, and to all other and further forms of relief this Court deems appropriate.

47.     The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

# THIRD CAUSE OF ACTION

## TRADE DRESS INFRINGEMENT

### (15 U.S.C. § 1125(a))

48.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 47 of this Complaint.

49.     Plaintiff has valid and protectable rights in the trade dress of its product packaging – the non-functional, inherently distinctive features of which distinguish Plaintiff's products and serve as an indicator of origin.

50.     Plaintiff's products are packaged using a unique combination of elements, including but not limited to those described and depicted in the foregoing paragraphs.

51.     Plaintiff's trade dress is inherently distinctive, arbitrary and/or fanciful, and has acquired secondary meaning by virtue of its promotion and sales success in the marketplace and trade.

52.     Defendants' packaging for the Starfly fairy toy is similar in look and feel to Plaintiff's distinctive packaging for the Flutterbye fairy toy. Plaintiff's and Defendants' flying fairy toys are sold to the same consumers and in overlapping trade channels, and marketing through similar means.

53.     Defendants' conduct was and is willful, with the intent to cause confusion as to the source, affiliation, or sponsorship of their flying fairy toy.

54.     Plaintiff's Defendants' use of highly similar packaging for its infringing Starfly fairy toy infringes Plaintiff's trade dress rights in its Flutterbye product packaging and marketing, and has confused and deceived, and is likely to continue to confuse and deceive consumers.

55.     Defendants' unauthorized use of Plaintiff's trade dress, and their conduct described above, deprives Plaintiff of the ability to control the consumer perception of the quality of the toy products marketed under its

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

trade dress, and places Plaintiff's valuable reputation and goodwill in the hands of Defendants, over which Plaintiff has no control.  Any defects, objections, or faults found with Defendants' products marketed under Plaintiff's trade dress could negatively reflect upon and injury the reputation that Plaintiff has established for its toy products.

56.     Defendants' wrongful acts have damaged Plaintiff in an amount to be proven at trial.

57.     Plaintiff has suffered, and will continue to suffer, irreparable harm as a direct and proximate result of Defendant's actions and for which monetary relief is insufficient.  Such irreparable harm will continue unless and until enjoined by this Court.

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (CAL. BUS & PROF. CODE § 17200)

58.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 57 of this Complaint.

59.     Defendants' acts and pattern of passing off its products as Plaintiff's as described herein constitute unfair competition in violation of California Business and Professional Code § 17200 et seq., as they are likely to deceive the public.

60.     Upon information and belief, Defendants also have used a combination of infringing activities, in concert with deliberate conduct to mislead consumers as to the originality and quality of the parties' products, and continue to engage in such actions in unfair competition and with the intention of interfering with and trading on the business reputation and goodwill created by Plaintiff through their tireless efforts and investment.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

61.     Defendants' acts of unfair competition have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law for Defendants' unfair competition.

62.     Defendants' actions were and are willful and wanton.

63.     Plaintiff is entitled to a judgment enjoining and restraining Defendants from engaging in further unfair competition.

**FIFTH CAUSE OF ACTION**

**COMMON LAW UNFAIR COMPETITION**

64.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 63 of this Complaint.

65.     Defendants' aforementioned actions, including but not limited to their deceptive and misleading conduct, their use of Plaintiff's packaging trade dress, and false designation of origin and false descriptions constitute unfair competition in violation of the common law of California.

66.     Upon information and belief, Defendants engaged and continue to engage in such actions in unfair competition and with the intention of interfering with and trading on the business reputation and goodwill created by Plaintiff through its tireless efforts and investment.

67.     Defendants' wrongful acts have caused and will continue to cause Plaintiff irreparable harm and competitive injury.  Plaintiff has no adequate remedy at law.

68.     Defendants' actions were and are willful and wanton.

69.     Plaintiff is entitled to a judgment enjoining and restraining Defendants from engaging in further acts of infringement and unfair competition.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Entry of an order and judgment requiring that Defendants and their agents, employees, and representatives, and all other persons, firms or corporations in active concert or participation with Defendant, be enjoined and restrained from: (a) using Plaintiff's copyrighted works in the Flutterbye flying fairy toys, including but not limited to manufacturing, selling, distributing, promoting, advertising, offering for sale,  or otherwise placing into the market the current version of the "Starfly" toy or any other substantially similar product that infringes Plaintiff's registered copyrights in its flying fairy figurine or packaging therefor; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Plaintiff's products or services, as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between the Starfly and Flutterbye toy products – including but not limited to using confusingly similar product packaging and advertising;

2. A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction as set forth above;

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

3.      A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all packaging, wrappers and promotional materials or other matter in the possession, custody, or under the control of Defendants or their agents which are found to violate 15 U.S.C. § 1125(a);

4.      Plaintiff's damages sustained by reason of the acts complained of herein, in an amount to be proven at trial;

5.      A judgment ordering Defendants to account to Plaintiff any and all revenues and profits that they have derived from their wrongful actions, and a disgorgement of Defendants' wrongful profits and unjust enrichment;

6.      In connection with Plaintiff's copyright claims, the right to collect enhanced and statutory damages;

7.      In connection with its Lanham Act claims, an award of Plaintiff's enhanced damages under 15 U.S.C. §1117;

8.      In connection with its common law unfair competition claim, an award of punitive damages sufficient to deter Defendants' conduct;

9.      A judgment awarding Plaintiff the reasonable attorneys' fees and costs of suit, prejudgment interest; and

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.

10.    A judgment granting Plaintiff such other and further relief as the Court deems just and proper.


Dated:  April 11, 2014.

                                    RICHARD H. ZAITLEN
                                    BOBBY A. GHAJAR
                                    KELLY W. CRAVEN
                                    PILLSBURY WINTHROP SHAW
                                    PITTMAN LLP


                                    By:_____/s/ Richard H. Zaitlen_____
                                         Attorneys for Plaintiff
                                         Spin Master, Ltd.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
                                    Case No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  April 11, 2014.

RICHARD H. ZAITLIN
BOBBY A. GHAJAR
KELLY W. CRAVEN
PILLSBURY WINTHROP SHAW
PITTMAN LLP


By:_____/s/ Richard H. Zaitlen_____
Attorneys for Plaintiff
Spin Master, Ltd.

COMPLAINT FOR DAMAGES AND OTHER RELIEF
Case No.