NOTE: CHANGES MADE BY THE COURT

1

2

3

4

5

6

7

8

9

10

11 **UNITED STATES DISTRICT COURT**

12 **CENTRAL DISTRICT OF CALIFORNIA**

13 **WESTERN DIVISION**

14

15

16 SPIN MASTER LTD., a Canadian
corporation,

17             Plaintiff,

v.

18

19 BRIX 'N CLIX CO., LTD., a Hong
Kong company, CYI, INC., a
California corporation, and REHCO,
LLC, an Illinois corporation.

20

21             Defendants.

Case No. 2:14-cv-02808-PSG-PLA

**STIPULATED PROTECTIVE
ORDER**

22

23

24

25

26

27

28

### GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable marketing, product development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any other purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### STIPULATED PROTECTIVE ORDER

To protect confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, the parties stipulate and the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c):

1.      The following shall apply to any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, produced in response to discovery requests in this litigation by any party or third-party pursuant to Federal and Local Rules of Civil Procedure governing disclosure and discovery.

2.      Information, documents, and other materials may be designated by the producing party in the manner permitted. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  This Order shall apply to Designated Material produced by any party or third-party in this action.

3.      The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

4.      The parties further acknowledge that this stipulation and any protective order create no entitlement to file confidential information under seal. Instead, Local Rule 79-5.1 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

5.      "CONFIDENTIAL" information means information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential information by any party to which it belongs.  Any party may designate

information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party, or the interests of a third party.

6.    "CONFIDENTIAL-ATTORNEY'S    EYES    ONLY"    means confidential information that the disclosing party reasonably and in good faith believes is  among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

7.    The term "Counsel of Record" will mean (i) outside counsel who appear in the action in any capacity, whether on the pleadings, on the record in a deposition or in a hearing, or in any other circumstance associated with the action, as counsel for a party so long as such counsel is identified to the other party, (ii) partners, principals, counsel, associates, employees, and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the Confidential Information for this action, including supporting personnel employed by the attorneys, such as paralegals, legal secretaries, and legal clerks, or (iii) independent shorthand reporters retained to record and transcribe testimony in this case and videographers retained to film testimony in this action.

8.    The terms "Designating Person" or "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential Information," as defined herein.

9.    The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

10.    The term "Party" shall mean any party to this action, including all of its officers, directors, employees, and in-house counsel.

11. The term "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

12. The term "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

13. The term "Independent Expert" means a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by a Counsel of Record to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a Party or competitor of a Party.

14. All Designated Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not be disclosed by the Receiving Party to anyone other than those persons permitted access within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

15. All Designated Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed only by Counsel of Record of the Receiving Party, and by Independent Experts who sign a copy of the form attached as Exhibit A, in advance of providing any Designated Material of the Designating Person to the Independent Expert. Such signed form shall be retained by the Counsel of Record retaining the Independent Expert and shall be made available to the opposing Party upon the disclosure of said Independent Expert pursuant to Fed. R. Civ. P. 26(a)(2)(D).

16.     All Designated Material designated "CONFIDENTIAL"  may be viewed only by Counsel of Record of the Receiving Party, by Independent Experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a.      Executives of the Parties who  have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting Counsel of Record in preparing the action for trial or settlement;

b.      A Party's officers, directors, employees, and in-house counsel with whom Counsel of Record for the Parties find it necessary to consult, in the discretion of such Counsel of Record, in preparation for trial of this action; and

c.      Stenographic and clerical employees associated with the individuals identified above.

17.     In addition to the individuals referenced above, all Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may also be viewable by independent legal translators retained to translate in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by Counsel of Record in connection with this action; graphics, translation, or design services retained by Counsel of Record for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action; non-technical jury or trial consulting services retained by Counsel of Record in connection with this action, provided, however, that any such individual has read this Order in advance of disclosure, and has executed a copy of the form attached as Exhibit A in advance of access.

18.    With respect to all Designated Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

19.    All Designated Material that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing or disclosing Party, and any and all reproductions of that information or Material, must be retained in the custody of the Counsel of Record for the Receiving Party, except that Independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

20.    Prior to disclosing or displaying any Designated Material to any person, counsel shall:

a.    Inform the person of the confidential nature of the Designated Material, provide them with a copy of this Protective Order; and

b.    Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

21.    The Designated Material may be displayed to and discussed with the persons identified in Paragraph 15 and Paragraph 16(a-b) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court, **pursuant to Local Rule 37**. This requirement shall not apply to Counsel of Record for the Receiving Party.

22.     A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

23.     Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

24.     Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY," thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

25.     The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such. To the extent possible or reasonably practical, the Designating Person must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably with the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Person to sanctions.  If it comes to a Designating Person's attention that information or items that it designated for protection do not qualify for protection, that Designating Person must promptly notice all other Parties that it is withdrawing the inapplicable designation.

26.    A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn.  Such a written request shall identify the objected-to materials and the grounds for the objection. If the Designating Person does not agree to the re-designation within fifteen business days, the objecting party may apply to the Court for relief under the provisions of Local Rule 37.1, *et seq*.  Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter.  The materials at issue must be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

27.    Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all Counsel of Record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated Confidential – Attorneys' Eyes Only.  When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraphs 15-18 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraphs 15-18 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

28.    Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public.  Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, **and upon showing good cause**.  If it becomes necessary to file Designated Material with the Court, a party must comply with the relevant local rules.

29.    Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material.  The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

30.    Upon final termination of this action with no rights to appeal or the appeal period has passed, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of Designated Material for enforcement of the provisions of this Order following termination of this litigation.  All Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment or dismissal), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

31.    Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality.  Any such error shall be corrected within a reasonable time.

32.    Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent

production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days.  Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court, **under Local Rule 37**. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel of Record for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

33.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

34.     If a Party or Counsel is served a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, that Party or Counsel of Record must:

a.     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

b.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

c.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected to protect the Confidential Information from disclosure.

35.     If the Designating Party timely seeks a protective order, the Party or Counsel served with the subpoena or court order shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order issued or the court where compliance is required, unless the Party or Counsel has obtained the Designating Party's permission or is otherwise directed by Order of a court.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

36.    No Party or Counsel of Record who has received Confidential Information subject to this Order shall aid or encourage a party to other litigation to subpoena or otherwise seek to obtain Confidential Information subject to this Order.

37.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Person of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the agreement shown in Exhibit A.

38.    In order to provide the parties an adequate opportunity to designate any documents or testimony as Designated Materials, all such documents or testimony produced in this case by third parties shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY," whether or not stamped with that legend, for a period of fifteen (15) days following production to each Party.

39.    The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.  **Local Rule 37 applies.**

40.    In the event the producing party elects to produce materials for inspection, for purposes of the initial inspection, all materials produced will be considered as either a) in the manner designated (verbally or in writing) by the party allowing inspection, at the time of inspection or b) consistent with any confidentiality designation asserted in response to the request for inspection.

Thereafter, upon selection of specified materials for copying by the inspecting party, and unless already designated pursuant to 40(a) herein, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

41.     In the event new parties join or are joined to this action, they shall not have access to Designated Material until the newly joined party or its counsel has executed and at the request of any party, filed with the Court its agreement to be fully bound by this Order.

42.     Nothing in this Order shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Designated Material, provided that the contents of the information shall not be disclosed except as is permitted by this Order.

43.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Designated Material.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

44.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence or the right of any party to be present throughout the trial.

45.     This Order shall not be construed to prevent any party from making use of or disclosing Designated Material that:

     a.     was lawfully in that party's possession and not under obligation of secrecy with respect to such information prior to receipt of such information from a producing party;

       b.     becomes lawfully known to that party in a manner that does not violate the provisions of this Order; or

       c.     was or is hereafter lawfully obtained from a source or sources other than the producing party, provided that such source(s) is not under an obligation of secrecy with respect to the producing party.

Prior knowledge must be established by preproduction documentation.

46.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

**IT IS HEREBY ORDERED:**

November 24, 2014

_____

**Honorable Paul L. Abrams**
**United States Magistrate Judge**

1  **IT IS HEREBY STIPULATED**

2

3  Pillsbury Winthrop Shaw Pittman LLC          Brooks Kushman P.C.

4  /s/ Bobby Ghajar(w/permission)               /s/ Chanille Carswell

5  Bobby Ghajar                                 Mark A. Cantor, *pro hac vice*
   Kelly W. Craven                              Chanille Carswell, *pro hac vice*
6  725 S. Figueroa Street, Suite 2800           1000 Town Center, 22nd Floor
7  Los Angeles, CA 90017-5406                   Southfield, MI 48075
   Tel: 213-488-7100/Fax: 213-629-1033          Tel: 248-358-4400/Fax: 248-358-3351
8  bobby.ghajar@pillsburylaw.com                mcantor@brookskushman.com
9  kelly.craven@pillsburylaw.com                ccarswell@brookskushman.com

10 *Attorneys for Plaintiff*                    *Attorneys for Brix 'N Clix Co., Ltd.*
11                                              *and Rehco, LLC*

12                                              Manning & Kass, Ellrod, Ramirez,
13                                              Trester, LLP

14                                              /s/ Anthony J. Ellrod (w/permission)
15                                              Anthony J. Ellrod #136574
                                                801 S. Figueroa Street, 15th Floor
16                                              Los Angeles, CA 90017
17                                              Tel.: 213-624-6900/Fax: 213-624-6999
                                                aje@manningllp.com
18

19
                                                Miskin & Tsui-Yip LLP
20

21                                              /s/ Gloria Tsui-Yip(w/permission)
                                                Gloria Tsui-Yip, *pro hac vice*
22                                              1350 Broadway, Suite 802
23                                              New York, New York  10018
                                                Tel: 212-268-0900/Fax: 212-268-0904
24                                              Gloria@mt-iplaw.com

25
                                                *Attorneys for Defendant CYI, Inc.*
26

27

28

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Spin Master Ltd. v. Brix 'N Clix Co., Ltd., et al.*, Case No. 2:14-cv-02808 (C.D. Cal. 2014) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." are confidential by Order of the Court.

I have read the Protective Order entered in Spin Master v. Brix 'N Clix, et al, Case No. 14-cv-02808-PSG-PLA, and have received a copy of the Protective Order.

I promise that I will use any and all "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Dated: _____                    _____

Signed in the presence of:

_____(Attorney)

**STIPULATED PROTECTIVE ORDER**
Case No. 2:14-cv-02808-PSG-PLA